UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No.:

**TANYA GOLET,**

    **Plaintiff,**       **COMPLAINT**

v.

**EXPERIAN INFORMATION SERVICES LLC,
TRANS UNION LLC, and CONCORA CREDIT
INC,**

    **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, Tanya Golet ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc ("Defendant Experian" or "Experian"), Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Concora Credit Inc, ("Defendant Concora" or "Concora"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

5. Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7. Defendant Concora is a credit card servicer whose registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Concora describes itself as being "the nation's leading provider of credit programs for non-prime consumers."[1]

## GENERAL ALLEGATIONS

8. This action involves derogatory and inaccurate reporting of a credit card account (the "Account") by Defendant Concora to Plaintiff's credit profile.

9. In or about January 2024, Plaintiff requested a copy of her credit report from Defendant Experian. The Experian Report double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

10. Plaintiff does not have and did not have a Concora Account, which is reported as FEB-Retail Account # ******601947****.

11. In or about January 2024, Plaintiff submitted a dispute to Defendant Experian because the Experian Report double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

---

[1] See https://about.concoracredit.com/who-we-are

12. In late January 2024, Experian verified the Account and indicated that Concora certified to Experian that the information was accurate.

13. In or about early January 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union Report double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

14. On or about early January 2024, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union Report double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

15. On or about late January 2024, Trans Union verified the Account and indicated that Concora certified to Trans Union that the information was accurate.

16. As of the filing of this complaint, Defendant Experian and Defendant Trans Union are still reporting the FEB-Retail Account # 763400601947**** on Plaintiff's credit reports.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

17. Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

18. Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of FEB-Retail Account # ******601947**** by Defendant Concora and continues to include the same information concerning inaccurate and derogatory reporting of FEB-Retail Account # ******601947**** by Defendant Concora.

19. In or around January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Concora. Therefore, in or around early January 2024, Plaintiff reported this inaccurate and derogatory information to Experian.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20. Defendant Concora verified the inaccurate reporting of the Account. Despite Experian having been put on notice of the inaccurate reporting, Experian did not correct the inaccurate information on Plaintiff's Experian credit report.

21. As of the filing of this complaint, Defendant Concora's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

22. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

23. Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

24. Despite Experian having received Plaintiff's dispute of Defendant Concora's information, Experian continues to double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

25. Continuing to report the status of Plaintiff's account in this fashion is significant.

26. By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has a negatively reporting account that does not belong to her which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

27. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

28. Experian failed to conduct a reasonable investigation and reinvestigation.

29. Experian failed to review and consider all relevant information submitted by Plaintiff.

30. Experian failed to conduct an independent investigation and, instead, deferred to

PAGE | **4** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Concora, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

31. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

32. Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

33. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Concora despite being in possession of evidence that the information was inaccurate.

34. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

35. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

36. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37. Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

38. Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

PAGE | **5** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

40. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

41. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

42. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

43. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

44.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

45.     Plaintiff incorporates by reference paragraphs ¶¶ 1-16 above of this Complaint.

46.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

47.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

48.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

49.     Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

50.     Experian has negligently failed to comply with the FCRA. The failures of Experian

to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

51. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

52. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

53. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

55. Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

56. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of FEB-Retail Account # ******601947**** by Defendant Concora and continues to include the same information concerning inaccurate and derogatory reporting of FEB-Retail Account # ******601947**** by Defendant Concora.

57. In or around January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Concora. Therefore, in or around early January 2024, Plaintiff reported this inaccurate and derogatory information to Trans Union.

58. Defendant Concora verified the inaccurate reporting of FEB-Retail Account # ******601947****. Despite Trans Union having been put on notice of the inaccurate reporting, Trans Union did not correct the inaccurate information on Plaintiff's Trans Union credit report.

59. As of the filing of this complaint, Defendant Concora's derogatory and inaccurate information is still listed on Plaintiff's credit report.

60. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

61. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

62. Despite Trans Union having received Plaintiff's dispute of Defendant Concora's information, Trans Union continues to double reported her FEB-Retail Account # *******501092**** as FEB-Retail Account # ******601947****.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

63. Continuing to report the status of Plaintiff's account in this fashion is significant.

64. By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has a negatively reporting account that does not belong to her which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

65. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

66. Trans Union failed to conduct a reasonable investigation and reinvestigation.

67. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

68. Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Concora, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

69. Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

70. Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

71. Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Concora despite being in possession of evidence that the information was inaccurate.

72. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

73. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

74. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

75. Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

76. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

77. Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

78. The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

79. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

80. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

81. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

82. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

83. Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

84. On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

85. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

86. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

87. Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

88. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

89. The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

90. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

92. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Concora)

93. Plaintiff incorporates the paragraphs ¶¶ 1-16 and by reference of this Complaint.

94. Defendant Concora is "the nation's leading provider of credit programs for non-prime consumers."

95. In or about January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Concora.

96. In or about January 2024, Plaintiff submitted disputes of the erroneous and derogatory reporting to Experian and Trans Union by Defendant Concora.

97. In response to the Disputes, Experian and Trans Union promptly and properly gave notice to Defendant Concora of the Disputes in accordance with the FCRA.

PAGE | **14** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

98. As of the filing of this complaint, the FEB-Retail Account # ******601947**** has continued to be verified by Defendant Concora.

99. Defendant Concora is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

100. On a date better known by Defendant Concora, Experian and Trans Union promptly and properly gave notice to Defendant Concora of Plaintiff's Disputes in accordance with the FCRA.

101. In response to the notices received from Experian and Trans Union regarding Plaintiff's Disputes, Defendant Concora did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

102. In response to receiving notice from Experian and Trans Union regarding Plaintiff's Disputes, Defendant Concora failed to correct and/or delete information it knew to be inaccurate and/or which Experian and Trans Union could not otherwise verify.

103. Instead of conducting a reasonable investigation, Defendant Concora erroneously validated the Account and continued to report inaccurate information to Experian and Trans Union.

104. On at least one occasion within the past year, by example only and without limitation, Defendant Concora violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

105. On at least one occasion within the past year, by example only and without limitation, Defendant Concora violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Experian and Trans Union.

106. On at least one occasion within the past year, by example only and without

PAGE | **15** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Concora violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Experian and Trans Union about the inaccurate information.

107. Upon information and belief, Defendant Concora was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

108. Defendant Concora's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

109. As a direct and proximate result of Defendant Concora's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

110. Defendant Concora's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court November allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

111. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Concora, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

PAGE | 16 of 18

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Concora)

112. Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

113. On at least one occasion within the past year, by example only and without limitation, Defendant Concora violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

114. On one or more occasions within the past year, by example only and without limitation, Defendant Concora violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

115. On one or more occasions within the past year, by example only and without limitation, Defendant Concora violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

116. When Defendant Concora received notice of Plaintiff's disputes from Experian and Trans Union, Defendant Concora could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

117. Defendant Concora would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Concora had reviewed its own systems and previous communications with the Plaintiff.

118. Defendant Concora's investigation was per se deficient by reason of these failures in Defendant Concora's investigation of Plaintiff's Disputes.

119. As a direct and proximate result of Defendant Concora's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the

PAGE | **17** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

120. Defendant Concora's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

121. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Concora awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: February 16, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-Mail: jen@jibraellaw.com
**GERALD D. LANE, ESQ.**
Florida Bar No.: 1044677
E-Mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*